**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **KEANA HOLOMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **RECOVERY MANAGEMENT** | ) |
| **SOLUTIONS, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the plaintiff, KEANA HOLOMAN, by and through her attorneys, FORTAS LAW GROUP, LLC, and for her Complaint against the defendant, RECOVERY MANAGEMENT SOLUTIONS, LLC, the plaintiff states as follows:

## I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II.     JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.      KEANA HOLOMAN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Duluth, County of Gwinnett, State of Georgia.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Capital One (hereinafter, "the Debt").

6.      The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.      RECOVERY MANAGEMENT SOLUTIONS, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Georgia.  Defendant's principal place of business is located in the State of New York.   Defendant is registered as a limited liability company in the State of New York.

9.      The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14.     On or about April 21, 2016, Defendant contacted Plaintiff's mother to seek location information of the Plaintiff.

15.     On or about April 21, 2016, having learned of Defendant's attempts to contact Plaintiff, Plaintiff initiated a telephone call to Defendant.

16.     During the course of the aforementioned telephone call between Defendant and Plaintiff, Defendant stated that the statute of limitations for the aforesaid Debt expires at the end of the year and Defendant wants to determine whether it should pursue a judgment against Plaintiff.

17.     Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

18.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

19.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

20.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

21.     Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally file a lawsuit against Plaintiff because the debt was time-barred by the applicable statute of limitations.

22.     Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Georgia.

23.     The aforementioned communication between Plaintiff and Defendant was the first communication between the parties regarding the Debt.

24.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

25.     In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

    f. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

27.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEANA HOLOMAN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**KEANA HOLOMAN**


By:   s/ Scott Fortas
        Attorney for Plaintiff

Dated: May 18, 2016

Scott Fortas (Bar No. 269980)
Fortas Law Group, LLC
1934-B N. Druid Hills Rd.
Atlanta GA 30319
Telephone:(404) 315-9936
Facsimile: (404) 636-5418
E-Mail:    sfortas@fortaslaw.com